## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

FLOYD STEPHENS,　　　　　　　　　　　　CIVIL ACTION NO.
　　　　　　　　　　　　　　　　　　　　　HON.
　　　　　　Plaintiff,

vs.

S & S SERVICES PROPERTY MANAGE-
MENT COMPANY, INC., a Michigan corpor-
ation, S & S SERVICES, INC., a Michigan
corporation, SILVIO SCAPPATICCI, an indi-
vidual and d/b/a PARKCREST APARTMENTS,
jointly and severally,

　　　　　　Defendants.
_____/
JOHN M. LUCAS (P26072)
Attorney for Plaintiff
1533 N. Woodward, Suite 330
Bloomfield Hills, MI  48304
(313)  642-1191
jlucasatt@aol.com
_____/

## COMPLAINT

**NOW COMES**, Plaintiff, FLOYD STEPHENS, by and through his attorney, John M. Lucas and for his Complaint states as follows:

### JURISDICTION AND VENUE

1. This case involves handicap discrimination in violation of the Fair Housing Act, including the Fair Housing Amendments Act of 1988 ("FHAA"), 42 USC § 3604, et seq. and applicable regulations promulgated by the Department of Housing and Urban Development (hereinafter referred to collectively as the "FHA").

2. The FHA makes it unlawful to discriminate against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling" on the basis of that person's handicap. 42 USC § 3604(f).

3. A "handicapped person" is defined broadly in the FHA as one who has a physical or mental impairment, which substantially limits such person's major life activities, has a record of having such impairment, or is regarded as having such an impairment. 42 USC § 3602(h).

4. Discrimination is defined in the FHA to include refusing "to make reasonable accommodations in rules, policies, practices, or services" when necessary to afford such person with a handicap "equal opportunity to use and enjoy a dwelling." 42 USC § 3604(f)(3).

5. The Court has jurisdiction of this action, pursuant to the FHA, 42 U.S.C. § 3613, and as a federal question arising under the laws of the United States, pursuant to 28 USC § 1331.

6. This Complaint also arises under the Michigan Persons with Disabilities Civil Rights Act. MCL §§ 37.1501-37.1607 ("PDCRA").

7. The PDCRA, like the FHA prohibits discrimination in the refusal to make reasonable accommodations for handicapped residents of buildings in need of such accommodations.

8. The Court has pendent jurisdiction of Plaintiff's PDCRA claim.

9. There are no administrative prerequisites to the filing of this action by Plaintiff.

10. Additionally, Plaintiff's Complaint is timely, as filed within the applicable two and three year statutes of limitations periods applicable to claims under the FHA

and the PDCRA, respectively, following Defendants' most recent violations or continued violations of the FHA and the PDCRA.

11. Venue is appropriate, under 28 USC § 1391, since all of the events giving rise to this action occurred in this District. Defendants and Plaintiff reside in this District, and the apartment complex, i.e., Parkcrest Apartments that is the subject of this action is located in this District.

## THE PARTIES

12. Paragraphs 1 through 11 of the Complaint are incorporated and restated as if set forth fully herein.

13. That Plaintiff, FLOYD STEPEHENS is a natural person, and resident of the City of Canton, County of Wayne, and State of Michigan.

14. That Defendant, S & S SERVICES PROPERTY MANAGEMENT COMPANY, INC. ("S & S SERVICES PROPERTY MANAGEMENT") is a Michigan corporation with its principal place of business at 40400 Ann Arbor, Rd., Ste. 100, Plymouth, Wayne County, MI 48170 and S & S SERVICES PROPERTY MANAGEMENT serves as manager or managing agent for Parkcrest Apartments, located at 7100 E. Parkcrest, Westland, Wayne County, MI 48185.

15. That Defendant, S & S SERVICES, INC. ("S & S SERVICES") is a Michigan corporation with its principal place of business at 40400 Ann Arbor, Rd., Ste. 100, Plymouth, Wayne County, MI 48170 and S & S SERVICES serves as manager or managing agent for Parkcrest Apartments, located at 7100 E. Parkcrest, Westland, Wayne County, MI 48185.

16. That Defendant, SILVIO SCAPPATICCI ("SCAPPATICCI") is a person under 42 USC § 302, and on information and belief d/b/a PARKCREST

APARTMENTS with its principal place of business at 7100 E. Parkcrest, Wayne County, Westland, MI 48185 and is the owner of Parkcrest Apartments and a principle/shareholder of Defendants, S & S SERVICES PROPERTY MANAGEMENT and S & S SERVICES, and did discriminate against Plaintiff and otherwise is a resident of Michigan and is *sui juris*.

## COMMON AVERMENTS

17. Paragraphs 1 through 16 of the Complaint are incorporated and restated as if set forth fully herein.

18. That Plaintiff, FLOYD STEPEHENS, is an individual with disabilities under the definitions contained in both the Fair Housing Act and PDCRA. Plaintiff currently resides in Canton, Michigan.

19. Defendants, S & S SERVICES PROPERTY MANAGEMENT and S & S SERVICES, corporations, and Defendant, SCAPPATICCI, an individual manage Parkcrest Apartments, with offices in Plymouth, Michigan.

20. In approximately 2009, Plaintiff, FLOYD STEPEHENS began suffering from what was later diagnosed as chronic degenerative arthritis of the spine and legs, including radiculopathy of the spine and a condition known as foot drop.

21. On or about December 1, 2009 Plaintiff moved into unit #101 of Parkcrest Apartments, pursuant to a written lease agreement.

22. That on or about January 7, 2011, Plaintiff, FLOYD STEPEHEN'S physician certified that Plaintiff has an arthritic, neurological, and/or orthopedic condition with lower back pain that severely limits ability to walk, which condition is permanent and that Plaintiff is eligible to receive a disability parking placard. (See attached Michigan Department of State Disability Parking Placard Application, Exhibit "A")

4

23.   Plaintiff has always been current with his rent for his apartment unit at Parkcrest Apartments.

24.   That in or about January, 2011 Plaintiff asked Defendants for a handicap parking space in front of the building in which his apartment unit was located.

25.   On or about 7-1-11 Plaintiff sent Defendants a letter requesting a handicap parking space in front of the building in which he resided.  (See attached letter dated 7-1-11, Exhibit "B".)

26.   On or about 7-6-11 Defendants sent Plaintiff a letter stating that Plaintiff could have a handicap parking space, adjacent to another building in which plaintiff did not reside, stating that the building in which Plaintiff resided was not a handicap building or that Defendants would put in a handicap space adjacent to the building in which Plaintiff resided, but only on the east side of the building which would be the opposite side of the entrance side to the building in which Plaintiff resided, i.e., the west side.  (See attached letter dated 7-6-11, Exhibit "C".)

27.   On or about 7-12-11 Plaintiff, FLOYD STEPEHENS filed a complaint with the Fair Housing Center of Metropolitan Detroit ("FHC") regarding Defendants refusing to provide him with reasonable accommodations for handicap parking.

28.   On or about 8-17-11 the FHC sent Defendants a letter regarding Plaintiff's request for a handicap parking space.  (See attached letter dated 8-17-11, Exhibit "D".)

29.   On or about 8-19-11 during the course of a discussion between Plaintiff and Defendant, SCAPPATICCI regarding a request for Plaintiff to move his car, which would not start, to a different location, Defendant said "you went to Detroit on me, think you are smart – I can evict you in 30 days."

30.   On or about 8-27-11 Plaintiff prepared a letter stating that Defendants' Office Manager, Patty Black advised Plaintiff that a handicap parking spot would be installed

5

where he asked for one, i.e., in front of the building in which he resided, to which Patty Black signed. (See attached letter dated 8-27-11, Exhibit "E".)

31. On or about 9-10-11 Plaintiff sent a letter to the FHC outlining the incident on August 19, 2011 when Plaintiff was attempting to get his car started so he could move it when Defendant, SCAPPATICCI confronted Plaintiff and began yelling at him about Plaintiff being so smart about going to Detroit on him to obtain a handicap parking space and stating that he knew the law, that he could evict Plaintiff in 30 days and said he was going to have Plaintiff's car towed, which caused Plaintiff to be concerned about damage which may result from towing due to the car's low profile. (See attached letter dated 9-10-11, Exhibit "F".)

32. On or about 10-26-11 Plaintiff received from Defendants a 30 day eviction Notice to Quit his apartment, i.e., a Termination of Tenancy and a Notice of Intent not to Renew Tenancy. (See attached Termination of Tenancy and Notice of Intent not to Renew Tenancy, Exhibit "G".)

33. On or about 10-28-11 Plaintiff provided Defendants with a completed forwarding address form, originally provided by Defendants to Plaintiff, acknowledging Plaintiff moving out of his apartment with the reason for relocation: that Defendant, SCAPPATICCI told Plaintiff that he, i.e., Plaintiff was so smart – that Plaintiff went to Detroit on him and the law said all he has to do is give Plaintiff a 30 day notice and Plaintiff is out of here. (See attached forwarding address form dated 10-28-11, Exhibit "H".)

34. On or about 10-28-11 Plaintiff received in person from Patty Black, Office Manager for Defendants a letter acknowledging receipt of Defendants' completed forwarding address form. (See attached letter dated 10-28-11, Exhibit "I".)

6

35. On or about 10-29-11 Plaintiff moved out of his apartment at Parkcrest Apartments and moved into a friend's house and subsequently obtained alternative housing at another apartment complex.

36. Plaintiff had to move his furniture and belongings into storage and after finding a new apartment had to move his furniture and belongings, again to his new apartment.

37. Defendants' termination of Plaintiff's lease, in retaliation for Plaintiff's complaint to the FHC, has cost Plaintiff both time and money, including but not limited to moving costs.

38. Defendants' refusal to accommodate Plaintiff's need for reasonably accessible handicap parking, and subsequent retaliation against Plaintiff for seeking to enforce Plaintiff's rights by making a good faith complaint to the FHC has violated Plaintiff's rights under the Fair Housing Act, and the PDCRA.

## COUNT I
## VIOLATION OF THE FHA
## (Fair Housing Act, 42 USC §3604)

39. Paragraphs 1 through 38 of the Complaint are incorporated and restated as if set forth fully herein.

40. The Fair Housing Act prohibits discrimination in the rental of housing because of the disability of the renter. 42 USC §3604(f).

41. Discrimination includes a refusal to make reasonable accommodations in rules, policies, practices or services when necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling. 42 USC §3604(f)(3)(B).

42. Defendants' refusal of Plaintiff's request to provide reasonable accommodations for handicap parking was an illegal act of discrimination under the Fair Housing Act.

43. That Plaintiff, FLOYD STEPEHENS at all relevant times was handicapped under the terms of the FHA, in that his degenerative arthritis condition of his spine and legs, including radiculopathy of the spine and foot drop constitutes a physical impairment substantially limiting his major life activities, including walking, has a record of having such an impairment, or is regarded as having such an impairment.

44. Defendants violated, and are continuing to violate, the FHA, by refusing and continuing to refuse, upon repeated requests, to make reasonable accommodations for Plaintiff in the rules, policies, practices or services concerning parking at Parkcrest Apartments.

45. Similarly, Defendants violated, and are continuing to violate, the FHA by refusing and continuing to refuse, upon repeated requests, to make reasonable accommodations for Plaintiff in their management services and practices with respect to handicapped parking.

46. Such an accommodation is necessary to afford Plaintiff an equal opportunity to use and enjoy his apartment unit as non-handicapped occupants in the apartment complex.

47. The requested accommodation will not in any way cause an undue burden or expense to Defendants.

48. As a direct and proximate result of Defendants' actions and practices in violation of the FHA, Plaintiff, FLOYD STEPEHENS has incurred economic losses and damages including, but not limited to, moving expenses.

49. That Plaintiff has also suffered emotional distress injuries and damages, such as embarrassment; humiliation; anxiety; loss of personhood and civil rights; and other personal injuries as a direct and proximate result of Defendants' discriminatory actions.

50. These emotional distress injuries and damages include, but are not limited to, the loss of the peaceful and quiet enjoyment of Plaintiff's apartment; the denial of reasonable accommodations for a handicap parking space; undue emotional stress from Defendant, SCAPPATICCI yelling and threatening Plaintiff with eviction for having made a complaint to the FHC for Defendants not providing Plaintiff with reasonable accommodations for a handicap parking space, and then Defendants carrying through with said threat of eviction.

51. The emotional stress caused by Defendants' actions threatens to aggravate, or may actually have aggravated, Plaintiff, FLOYD STEPEHENS' preexisting degenerative arthritis of the spine and legs, including radiculopathy of the spine and foot drop, thus further impairing the quality of Plaintiff's life.

52. Moreover, the acts, conduct and/or omissions of Defendants were and continue to be intentional, malicious, and in wanton or reckless disregard of the rights and feelings of Plaintiff, FLOYD STEPEHENS and potentially other handicapped occupants of the Parkcrest Apartment complex, entitling Plaintiff to additional awards of punitive and/or exemplary damages.

## COUNT II
## VIOLATION OF THE PDCRA
### (Michigan Persons with Disabilities Civil Rights Act, MCL §§ 37.1501-37.1607)

53. Paragraphs 1 through 52 of the Complaint are incorporated and restated as if set forth fully herein.

54. That Plaintiff, FLOYD STEPEHENS at all relevant times was handicapped under the terms of the PDCRA.

55. Defendants, S & S SERVICES PROPERTY MANAGEMENT, S & S SERVICES and SCAPPATICCI have violated, and are continuing to violate, the PDCRA by refusing and continuing to refuse, upon repeated requests to make reasonable accommodations for Plaintiff, FLOYD STEPEHENS concerning handicapped parking.

56. The requested accommodation for a handicap parking space is necessary to afford Plaintiff, FLOYD STEPEHENS an equal opportunity to use and enjoy his apartment unit as non-handicapped occupants.

57. The requested accommodation would not cause any undue burden or expense to Defendants.

58. As a direct and proximate result of Defendants' actions and practices in violation of the FHA, Plaintiff, FLOYD STEPEHENS has incurred economic losses and damages including, but not limited to, moving expenses.

59. That Plaintiff has also suffered emotional distress injuries and damages, such as embarrassment; humiliation; anxiety; loss of personhood and civil rights; and other personal injuries as a direct and proximate result of Defendants' discriminatory actions.

60. These emotional distress injuries and damages include, but are not limited to, the loss of the peaceful and quiet enjoyment of Plaintiff's apartment; the denial of reasonable accommodations for a handicap parking space; undue emotional stress from Defendant, SCAPPATICCI yelling and threatening Plaintiff with eviction for having made a complaint to the FHC for Defendants not providing Plaintiff with reasonable accommodations for a handicap parking space, and then Defendants carrying through with said threat of eviction.

61. The emotional stress caused by Defendants' actions threatens to aggravate, or may actually have aggravated, Plaintiff, FLOYD STEPEHENS' preexisting degenerative arthritis of the spine and legs, including radiculopathy of the spine and foot drop, thus further impairing the quality of Plaintiff's life.

62. Moreover, the acts, conduct and/or omissions of Defendants were and continue to be intentional, malicious, and in wanton or reckless disregard of the rights and feelings of Plaintiff, FLOYD STEPEHENS and potentially other handicapped occupants of the Parkcrest Apartment complex, entitling Plaintiff to additional awards of punitive and/or exemplary damages.

## COUNT III
## RETALIATION IN VIOLATION OF THE FHA AND PDCRA
## (Fair Housing Act, 42 USC § 3617)
## (Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1602)

63. Paragraphs 1 through 62 of the Complaint are incorporated and restated as if set forth fully herein.

64. The Fair Housing Act prohibits coercion, threats, intimidation or interference with any person because he or she has exercised any right granted by section 3604 of the Act. 42 USC §3617 and MCL § 37.1602.

65. Defendants have engaged in malicious acts with the intent to coerce, intimidate, retaliate, threaten, and/or interfere with Plaintiff due to the fact that he chose to exercise and enjoy his rights under the Fair Housing Act, including the Fair Housing Amendments Act, and the Michigan Persons with Disabilities Civil Rights Act.

66. That these actions include, but are not limited to:

(a) interfering with Plaintiff's right to use and enjoy the housing of his choice in violation of the FHA and PDCRA;

11

(b) denying Plaintiff reasonable accommodations for a handicap parking space;

(c) harassing Defendant by yelling and threatening eviction for having made a complaint to the FHC for refusal to provide reasonable accommodations for handicap parking; and

(d) evicting Plaintiff and/or refusing to renew Plaintiff's lease in retaliation for having made a complaint to the FHC for refusal to provide reasonable accommodations for handicap parking.

67. Defendants' actions were intentional and in total and reckless disregard of Plaintiff's protected rights.

68. As a direct and proximate result of Defendants' actions and practices, including but not limited to this harassment, retaliation, and discrimination, Plaintiff has actual damages, including but not limited to economic losses and damages and moving expenses, emotional distress which aggravated or may actually have aggravated Plaintiff's preexisting degenerative arthritis of the legs and spine, including radiculopathy of the spine and foot drop, mental anguish, worry, frustration, humiliation, and loss of capacity for the enjoyment of life.  These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.  Plaintiff is also entitled to an award of punitive and/or exemplary damages.

**WHEREFORE**, Plaintiff, FLOYD STEPEHENS demands judgment against Defendants, S & S SERVICES PROPERTY MANAGEMENT COMPANY, INC., S & S SERVICES, INC., and SILVIO SCAPPATICCI, individually and d/b/a PARKCREST APARTMENTS, jointly and severally to ensure that discrimination in violation of the Fair Housing Act and the Michigan Persons with Disabilities Civil Rights  Act do not occur in the future, to enjoin Defendants from discriminating against

Plaintiff herein, and preventing discrimination to other persons based upon disability in the future as follows:

(A) That the Court declare that the actions of the Defendants violated the Fair Housing Act, including the Fair Housing Amendments Act, and the Michigan Persons with Disabilities Civil Rights Act by discriminating against persons with disabilities;

(B) That the Court enjoin Defendants from discriminating against Plaintiff or any other person, because of their disability;

(C) That the Court enjoin Defendants to establish objective policies and procedures to permit an accommodation for a person with a disability;

(D) That the Court enjoin Defendants to ensure that each and every residential property managed by Defendants ensure that objective policies and procedures are available and enforced that permit an accommodation for a person with a disability;

(E) An award of appropriate compensatory and punitive and/or exemplary damages to Plaintiff, FLOYD STEPHENS, against Defendants, jointly and severally to compensate Plaintiff for his actual damages for economic losses and for the humiliation, embarrassment and emotional distress caused by the Defendants' discriminatory and retaliatory actions;

(F) That the Court declare that the Defendants' acts were willful and wanton and in reckless disregard of the Plaintiff's civil rights under law;

(G) Order Defendants to provide a notice to all owners and tenants of Parkcrest Apartments of their rights under the Fair Housing Act, including their right to have accommodations or modifications if they have a disability;

(H) Order Defendants to provide notices to all residents of all properties in which they manage of rights under the Fair Housing Act;

(I)  Order that the Defendants instruct all of their employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

(J)  Order that the Defendants shall maintain for inspection by Plaintiff and all other tenants at their offices, copies of the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

(K) Find that Plaintiff is entitled to an award of attorneys' fees and costs; and

(L) Grant any other such relief as this Court deems just and equitable.

        Respectfully submitted,

        **LAW OFFICES OF JOHN M. LUCAS**

        BY: /s/ John M. Lucas_____
        JOHN M. LUCAS (P26072)
        Attorney for Plaintiffs
        74 W. Long Lake Rd., Ste. 203
        Bloomfield Hills, MI 48304
        (248) 642-1191

DATED:  2-28-12        jlucasatt@aol.com